IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKISHA PERRY, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>OMNITRACS, LLC,<br><br>Defendant. | Case No. |

**CLASS ACTION COMPLAINT**

Lakisha Perry ("Plaintiff") files this Class Action Complaint ("Complaint") against Omnitracs, LLC ("Defendant") for violations of the Illinois Biometric Information Privacy Act.

**FACTUAL ALLEGATIONS**

1. Defendant is a technology company that provides telematics products to fleet operators, including routing and predictive analytics technology. It has over 15,000 customers.

2. One of Defendant's products is an in-vehicle camera device that uses artificial intelligence ("AI"), machine learning ("ML"), and computer vision to detect driver behavior. *See* https://www.omnitracs.com/sites/default/files/brochure_safety_critical-event-video.pdf (describing technology incorporated in the cab-facing camera) (all links last visited January 6, 2022).

3. The following is a picture of part of the Omnitracs hardware that uses "Omnitracs Critical Event Video" ("CEV") to detect driver behavior.

1



4. The CEV hardware mounts to the inside of the vehicle windshield and records video of the road ahead and inside the vehicle through a forward-facing and cab-facing camera.

5. Among other things, Defendant's technology monitors driver activity to detect driver behavior.

6. Defendant's technology identifies inattentive driving behavior that may be caused by, for example, distraction (e.g., looking at a mobile device), driver fatigue, or drowsiness. https://www.omnitracs.com/news/omnitracs-releases-next-generation-solution-inattentive-driving.

7. To accomplish this, Defendant's facial mapping technology collects scans of a driver's facial geometry to identify the driver's attentiveness.

8. Using two cameras built into a single unit, the CEV hardware provides complete visibility of the entire cab and details of the driver's face, eyes, and hands to identify drowsiness, sleep, phone use, cigarette use, seatbelt use, and other safety-critical behaviors, as certain critical trigger events.

9. Omnitracs also uses a SmartSense™ technology developed through SmartDrive Systems in its in-cab video devices.

10. The SmartSense™ technology enhances the risk detection already built into the CEV hardware to monitor driver behavior. https://www.omnitracs.com/applications/smartsense.



11. SmartSense™ expands the AI and ML in Omnitracs video hardware to streamline dataflow in the cab and vehicle with the use of sensors to identify, for example, if the driver's eyes are closed or if the driver is looking down. https://www.omnitracs.com/news/omnitracs-expands-its-platform-offering-acquisition-smartdrive; https://www.omnitracs.com/smartdrive; and https://www.smartdrive.net/solutions/smartdrive-smartsense/.

12. Plaintiff previously worked as a truck driver in Illinois and drove in Illinois for the company Advance Transportation Systems, Inc., which was one of Defendant's Illinois customers.

13. Defendant's CEV hardware was equipped in Plaintiff's truck and monitored the Plaintiff and her facial geometry.

14. During the relevant time period, Defendant collected scans of Plaintiff's facial geometry to analyze her driving behavior.

15. The facial geometry scans collected from Plaintiff were then analyzed by Defendant to identify driving behaviors.

16. Defendant never informed Plaintiff, in writing or otherwise, that it was collecting scans of her facial geometry or her biometric data.

17. Likewise, Defendant never obtained Plaintiff's informed written consent to collect scans of her facial geometry or her biometric data.

18. Additionally, Defendant never informed Plaintiff in writing of the purpose and length of time for which Defendant would collect scans of her facial geometry.

19. Defendant captured, collected, or otherwise obtained Plaintiff's facial geometry and the facial geometry of others similarly situated without following the requirements of the Biometric Information Privacy Act.

20. In mid-2021, the Defendant was acquired by a third party, Solera Holdings, Inc. According to a joint press release between Solera and Omnitracs, Solera is a "global data intelligence and technology leader" and the acquisition was used to assist Solera's intelligent technology platforms.[1] To date, upon information and belief, Omnitracs has not disclosed to any of its users whether it transferred biometric identifiers and/or information to Solera even though BIPA prohibits the sale or transfer of biometric information without written consent.

**THE PARTIES**

21. Plaintiff is an individual who is currently a citizen of California but drove for an Illinois Corporation in Illinois when she used the Omnitracs system at issue.

22. Defendant is a Delaware limited liability company whose principal office is in Dallas, Texas. Defendant has one member - Polaris Newco, LLC. Polaris Newco, LLC owns 100% of Omnitracs, LLC. Polaris Newco, LLC also has one member - Omnitracs Midco, LLC. Omnitracs Midco, LLC owns 100% of Polaris Newco, LLC. All of the aforementioned LLCs are Delaware LLCs, with their principal place of business in Westlake, Texas.

---

[1] *See* https://www.omnitracs.com/news/solera-completes-acquisitions-omnitracs-and-dealersocket (last visited Jan. 7, 2022).

4

**JURISDICTION AND VENUE**

23. This Court has personal jurisdiction over Defendant because, during the relevant time period, Defendant did business in Illinois, was registered to do business in Illinois, and committed the statutory violations alleged in this Complaint against individuals located in Illinois.

24. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiff and Defendant are citizens of different states, there are estimated to be thousands of potential class members, and over $5,000,000 is in controversy.

25. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to this action took place here.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

26. In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

27. Among other things, the Biometric Information Privacy Act prohibits a "private entity" from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first obtains the individual's informed written consent. 740 ILCS 14/15(b)(3).

28. Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing, collecting, or otherwise obtaining biometric identifiers from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting or storing biometric identifiers or information, and (b) the purpose and length of time

5

for which the private entity will collect, store, and use the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

**CLASS ACTION ALLEGATIONS**

29. Plaintiff seeks to represent a class of Illinois residents who had their facial geometry scanned, captured, collected, or otherwise obtained by Defendant in Illinois ("the Class").

30. Plaintiff and the Class are similar to one another because they were all subject to the same allegedly illegal practices: Defendant capturing, collecting or otherwise obtaining scans of their facial geometry without adhering to the requirements of the Biometric Information Privacy Act.

31. The Class includes more than 50 members.

32. As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

33. The issues involved in this lawsuit present common questions of law and fact, including: whether Defendant captured, collected, or otherwise obtained scans of facial geometry from the Class; whether the facial scan data Defendant captured qualifies as "biometric identifiers" under the Biometric Information Privacy Act; and whether Defendant made written disclosures and obtained informed written consent before capturing, collecting, or otherwise obtaining scans of facial geometry from the Class.

34. These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

35. Plaintiff, the members of the Class, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

36. If individual actions were required to be brought by each member of the Class

injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

37. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

38. The books and records of Defendant are material to Plaintiff's case as they disclose how Defendant captured, collected, or otherwise obtained scans of facial geometry from Plaintiff and the Class and what information Defendant provided Plaintiff and the Class about its capture, collection, and use of their biometric identifiers.

39. Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

40. Plaintiff retained counsel experienced in complex class action litigation, including class action litigation under the Biometric Information Privacy Act.

## COUNT I
## Violation of the Biometric Information Privacy Act
### (Class Action)

41. Plaintiff realleges and incorporates the previous allegations of this Complaint.

42. Defendant is a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

43. Plaintiff's and the Class's scans of facial geometry qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

44. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first informing them in writing that Defendant was doing so.

45. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first

7

informing them in writing of the purpose of Defendant doing so and the length of time Defendant would collect, store, and use Plaintiff's and the Class's scans of facial geometry.

46. Defendant violated the Biometric Information Privacy Act by capturing, collecting, or otherwise obtaining Plaintiff's and the Class's scans of facial geometry without first obtaining their informed written consent to the capture, collection, or use of Plaintiff's and the Class's scans of facial geometry.

47. Unlike other Illinois companies, Defendant failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendant committed the legal violations alleged in this Complaint.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendant as follows:

A. Awarding liquidated monetary damages to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B. Enjoining Defendant from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D. Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

Respectfully submitted,

Dated: September 3, 2024

/s/ Mara Baltabols
One of Plaintiff's Attorneys

David Fish
dfish@fishlawfirm.com
Mara Baltabols
mara@fishlawfirm.com

**WORKPLACE LAW PARTNERS, P.C.**
155 N. Michigan Ave., Suite 719
Chicago, IL 60601
Tel: (630) 355-7590

Douglas M. Werman
dwerman@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008

*Attorneys for Plaintiff*