**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAKISHA PERRY, *individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> OMNITRACS, LLC, <br><br> Defendant. | Case Number: 1:24-cv-07998 <br><br> Hon. Manish S. Shah |

**DEFENDANT OMNITRACS, LLC'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO RULE 12(b)(6)**

Defendant Omnitracs, LLC ("Omnitracs"), through its undersigned attorneys, respectfully submits its Motion to Dismiss Plaintiff's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Omnitracs states as follows:

**INTRODUCTION**

Plaintiff filed a Class Action Complaint against Omnitracs for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Regardless of being informed by Defendant that her claims do not and will not have any evidentiary support, Plaintiff alleges that "Defendant's CEV hardware" (Complaint at ¶ 13) and its "SmartSense technology" (*id.*, ¶ 10) were "equipped in Plaintiff's truck" (*id.*, ¶ 13), which purportedly resulted in the collection and analysis of Plaintiff's "facial geometry" in violation of the notice and consent requirements set forth under BIPA. The Court should dismiss Plaintiff's Complaint for three reasons.

*First*, Plaintiff fails to plausibly plead that Omnitracs collected her "biometric information" or "biometric identifiers" because she does not (and cannot) allege that "facial geometry" collected through Omnitracs's technology can be used to "identify" Plaintiff—meaning BIPA does not apply

to the alleged conduct. This is especially true in this case where the Defendant is a third-party technology vendor with no relationship to Plaintiff that might support a bare inference that Defendant collected any data that could identify an individual.

*Second*, Plaintiff otherwise fails to allege a claim under Section 15(b) of BIPA because she fails to allege any facts to support her claim that Omnitracs collected or otherwise obtained her biometric information or biometric identifiers. The Complaint's bare legal conclusions do not support an inference that Omnitracs violated the requirements under BIPA.

*Third*, even if this Court were to find that Plaintiff satisfied her pleading burden, the Complaint never should have been pursued after Omnitracs provided Plaintiff with information to support that the technology alleged did not have the capability to collect or analyze biometric information or biometric identifiers. Importantly, Omnitracs does not collect biometric identifiers or biometric information, and the cameras Plaintiff alleges violated BIPA are not capable of collecting biometric features or identifying an individual. Under Rule 11, Plaintiff has no good faith basis for continuing to pursue her claims. Accordingly, Plaintiff's Complaint against Omnitracs should be dismissed with prejudice.

## SUMMARY OF ALLEGED FACTS

Plaintiff alleges that she "previously worked as a truck driver in Illinois for the company Advance Transportation Systems, Inc., which was one of Defendant's Illinois customers." (Complaint at ¶ 12, a copy of which is attached as Exhibit A.) She alleges that "Defendant's CEV hardware" (*id.*, ¶ 13) along with "SmartSense technology" (*id.*, ¶ 10) were "equipped in Plaintiff's truck" (*id.*, ¶¶ 13-14), and purportedly were used to collect and analyze her "facial geometry to analyze her driving behavior" (*id.*). Plaintiff concludes that the "facial geometry" data constitutes "biometric identifiers" under the BIPA. (*Id.*, ¶ 43.) Based on conclusory allegations, Plaintiff

claims Omnitracs violated BIPA by collecting, capturing, or otherwise obtaining her biometric identifiers without consent. (*Id.* ¶¶ 45-46.)

Plaintiff does not allege that she ever had any interaction with Omnitracs. Her allegations are solely about Omnitracs' product used by her employer.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "the complaint must 'state a claim for relief that is plausible on its face.'" *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Id*. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

## ARGUMENT

**I.    Plaintiff Does Not Plead that Omnitracs Identified or Is Capable of Identifying Her.**

The Complaint asserts a claim under BIPA (Ex. A, ¶¶ 45-46), which requires Plaintiff to adequately plead that Omnitracs collects her "biometric identifiers" or "biometric information." *See* 740 ILCS 14/15(b) (imposing requirements for private entities that obtain a person's "biometric identifier or biometric information"). The Complaint should be dismissed because it does not plausibly allege that ultimate conclusion that the scan of facial geometry was "used to identify an individual," as is required to qualify as "biometric information" or "biometric identifiers."

Specifically, BIPA defines "biometric identifier", and "biometric information" as follows (in relevant part):

3

> "Biometric identifier" means a . . . scan of hand or face geometry.
>
> ***
>
> "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier *used to identify an individual*. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers.

740 ILCS 14/10 (emphasis added). Based on these definitions, courts have held that a person's "biometric" data is "a biology-based set of measurements ('biometric') that can be used to identify a person ('identifier')." *Martell v. X Corp.*, No. 23 C 5449, 2024 WL 3011353, at *3 (N.D. Ill. June 13, 2024) (quoting *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017)).

If the data associated with a defendant's purported conduct cannot identify or be used to identify the plaintiff, however, BIPA does not apply. *Castelaz v. Estee Lauder Companies., Inc.*, No. 22 CV 5713, 2024 WL 136872, at *6-7 (N.D. Ill. Jan. 10, 2024) (dismissing claim because the plaintiffs provided no facts that the company could connect facial scans to customers' identities); *Clarke v. Aveda Corp.*, 704 F. Supp. 3d 863, 865-66 (N.D. Ill. 2023) (same); *Daichendt v. CVS Pharmacy, Inc.*, No. 1:22-cv-3318, 2022 WL 17404488, at *5 (N.D. Ill. Dec. 2, 2022) (dismissing BIPA claims where the complaint did not plead that the "collection of [plaintiffs'] biometric data made defendant capable of determining their identities").

The *Daichendt* opinion is instructive. In dismissing a complaint that alleged a passport photo system that scanned digital photographs to determine if the photo met government requirements violated BIPA, the court found that the plaintiff failed to satisfy their burden of "providing specific factual allegations" to establish that the collection of data made the defendants capable of determining the identities of the plaintiffs. *Daichendt*, 2022 WL 17404488, at *5. The court explained:

4

> [The] plaintiffs do not plead that defendant, in fact, "used" their biometric data to determine their identities. They also do not plead that defendant could do so. Plaintiffs do not allege that they provided defendant with any information, such as their names or physical or email addresses, that could connect the voluntary scans of face geometry with their identities. Thus, plaintiffs have failed to plead the ***most foundational*** aspect of a BIPA claim.

*Id.* (emphasis added).

Here, Plaintiffs likewise failed to plead the most foundational aspect of a BIPA claim. Plaintiff does *not* (and cannot) allege that facial data collected through Omnitracs's technology is (or can be) used to *identify* specific persons (by name or otherwise). Plaintiff claims only that Omnitracs's alleged "facial mapping technology collects scans of a driver's facial geometry to identify the driver's attentiveness." (Ex. A, ¶ 7.) These features cannot be used to affirmatively identify individuals. As was the case in *Daichendt,* Omnitracs has no preexisting relationship with the Plaintiff. Plaintiff has not provided Omnitracs with her name or address and Plaintiff has not plead otherwise. Omnitracs is not Plaintiff's employer. Plaintiff alleges only that she "drove for an Illinois Corporation in Illinois when she used the Omnitracs system at issue." (*Id.*, ¶ 21.) This is exactly the type of case that courts will dismiss under Rule 12(b)(6). Indeed, in granting the motion to dismiss, the *Clarke* and *Castelaz* courts acknowledged that both involved commercial retailer defendants with no clear preexisting relationship to the plaintiffs, or any other alleged connection such as names and addresses, that might support an otherwise bare inference that the data collected by defendant could identify an individual.

While the Complaint is larded with BIPA buzzwords like "facial geometry" and "biometrics," it does not allege, *a single fact* to support her bald conclusion that biometric data was capable of identifying Plaintiff as required under BIPA. Instead, Plaintiff asks this court to merely infer that Omnitracs somehow had access to her other personal data that, in conjunction

with the alleged facial scans, could have been used to identify her. Plaintiff must plead facts to plausibly support such an inference.

II.     **Plaintiff Fails To Plausibly Allege A Section 15(b) Claim Under BIPA.**

Section 15(b) of BIPA imposes certain restrictions on private entities who "collect, capture, purchase, receive through trade, or otherwise obtain" a person's biometric data. *See* 740 ILCS 14/15(b). Plaintiff's section 15(b) claim should be dismissed because she fails to provide any factual allegations to support her conclusion that Omnitracs improperly collected and analyzed scans of facial geometry. (Ex. A, ¶¶ 14-15.)

In the BIPA context, "capture" means "to record in a permanent file (as in a computer)." *Barnett v. Apple Inc.*, 2022 IL App (1st) 220187, ¶ 48 (citations omitted). "Collect" means "to bring together into one body and place, to gather or exact from a number of persons or sources, and to gather an accumulation of." *Id.* at ¶ 49 (internal quotations omitted). "Obtain" means "[t]o bring into one's own possession; to procure, especially through effort." *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 966 (N.D. Ill. 2020) (citations omitted). Thus, for Section 15(b)'s requirements to apply, a plaintiff must allege that a defendant played more than a passive role in the process. *Clark v. Microsoft Corp.*, 688 F. Supp. 3d 743, 746 (N.D. Ill. 2023) ("section 15(b) liability requires an active step in obtaining biometrics.").

Once again, the Complaint falls short. The Complaint's vague and conclusory allegations that Omnitracs "collected" and "analyzed" scans of Plaintiff's facial geometry "to identify driving behaviors" (Ex. A, ¶ 14-5) are bare legal conclusions that cannot withstand a motion to dismiss. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 751 (7th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") The Complaint does not (and cannot) allege any facts that Omnitracs took any steps (active or otherwise) to record plaintiff's biometric data in a "permanent

file," or that it gathered an "accumulation of" biometric data "into one body and place." Nor does the Complaint allege that Omnitracs "otherwise obtained" this biometric data by bringing it into its "own possession." Because Plaintiffs cannot plead otherwise, she uses conclusory assertions in lieu of factual allegations in an attempt to evade their obligation to plead a facially plausible claim under BIPA.

Plaintiff may argue that she satisfied her pleading burden for a Section 15(b) claim by alleging that Omnitracs "collected" her biometric data without complying with BIPA's requirements. This Court should reject that argument. Other courts in this district have held that mere possession of biometric information, without other allegations, is insufficient to establish a claim under Section 15(b) of BIPA. *Jacobs v. Hanwha Techwin Am., Inc.*, No. 21 C 866, 2021 WL 3172967, at *3 (N.D. Ill. July 27, 2021) (granting motion to dismiss despite plaintiff's repeated allegations "that defendant 'collected' his biometric data without alleging how, when, or any other factual detail" because those allegations do not provide specifics to support a claim under BIPA); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019) (same). This is especially true in cases, such as this one, where the defendant is a third-party manufacturer and not the plaintiff's employer.

A similar lack of factual pleading supported the dismissal of a Section 15(b) claim in *Namuwonge*, where the court noted that it was the plaintiff's *employer* who took the active step to collect fingerprints by requiring all employees to use a timecard system that had been manufactured by a co-defendant. 418 F. Supp. 3d at 286. And the Plaintiff's allegations that "[e]ach Defendant systematically and automatically collected, used, stored and disseminated [her] ... biometric identifiers" and that she "had [her] 'biometric identifiers' collected by Defendants" were not sufficient to sustain a cause of action against the technology manufacturer. *Id.*

Similarly in this case, Plaintiff characterizes Omnitracs as having only the passive role of providing "technology" used by her employer. Thus, it is not reasonable to infer that Omnitracs, rather than Plaintiff's employer, was doing the collecting, capturing, storing, and obtaining of Plaintiff's biometric information and using the data for their own business operations. Plaintiff's gap in theory and allegations is mere conjecture.

Courts are required to draw only "*plausible* inferences in the plaintiffs' favor." *Bridges v. Blackstone, Inc.*, 66 F.4th 687, 689 (7th Cir. 2023) (emphasis added); *Smith v. City of Chicago*, No. 21-CV-00890, 2022 WL 888942, at *8 (N.D. Ill. Mar. 25, 2022) ("while it is *possible* that sloppy police work or some *de facto* policy caused 'negative' search warrants, [plaintiff] fails to demonstrate why this conclusion is plausible. [Plaintiff's] allegations just *invite conjecture* … and fail to meet the Rule 8 notice-pleading requirements.") (emphasis in original). But Plaintiff's proposed inferences are not plausible. The mere fact that Plaintiff's former employer allegedly installed Omnitracs cameras in Plaintiff's truck that somehow collected Plaintiff's "facial geometry or her biometric data"—without any active involvement from Omnitracs—is insufficient to hold Omnitracs liable under Section 15(b). None of her allegations bridge the gap between the facts and Plaintiff's theory. The Court should therefore dismiss Plaintiff's Section 15(b) claim.

### III. Plaintiff Lacks Evidentiary Support To Pursue Her Claims.

Plaintiff's failure to include factual allegations to support her claim is no accident. As Omnitracs repeatedly informed Plaintiff, the "CEV" camera alleged in this lawsuit **does not** identify a driver, scan facial geometry or collect biometric information, and Omnitracs explained the lack of technical capabilities to Plaintiff's attorney. Omnitracs also has offered to provide Plaintiff with a detailed, signed affidavit attesting that the "CEV" camera and "SmartSense technology" identified in the Complaint **is not capable** of identifying a driver (or any individual), and that no biometric information or biometric identifies is collected or used by Omnitracs.

8

Accordingly, Omnitracs explained that continuing to pursue the meritless claim will implicate Rule 11, but Plaintiff has thus far elected not to withdraw her complaint.

A lawyer cannot "file a pleading without having conducted a sufficient factual investigation to know whether it is potentially meritorious." *Sparks v. N.L.R.B.*, 835 F.2d 705, 707 (7th Cir. 1987). On the contrary, Rule 11(b) requires attorneys to certify "to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that their filings have "adequate foundation in fact and law and lack an improper purpose." *Mullen v. Butler*, 91 F.4th 1243, 1254 (7th Cir. 2024) (quoting *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 957 (7th Cir. 2020) & Fed. R. Civ. P. 11(b)) (cleaned up). "Rule 11 does not require that the district court make a finding of bad faith" on the part of an attorney or party who violates its requirements. *Nat'l Wrecking Co. v. Int'l Bhd. of Teamsters, Loc. 731*, 990 F.2d 957, 963 (7th Cir. 1993) (cleaned up). "Instead, the district court need only undertake an objective inquiry into whether the party or his counsel should have known that his position is groundless." *Id.*

Pursuant to Rule 11, "[i]f support for the challenged allegations or responses is not obtained after a reasonable opportunity for further investigation, a litigant is thereafter obligated not to advocate them." Background and History of Rule 11, 5A Fed. Prac. & Proc. Civ. § 1331 (4th ed.). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (quoting *In re TCI, Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)).

Here, a reasonable investigation and consideration of the materials Omnitracs provided to Plaintiff would have revealed that no legal or factual basis exists for having filed the Complaint. Moreover, Plaintiff now has personal knowledge that she does not have any evidentiary support

for her allegation that Omnitracs has collected her biometric information. In lieu of such knowledge, Plaintiff's attempt to state a claim by inviting this Court to (i) accept at face value Plaintiff's misleading characterizations of their allegations, and (ii) draw the implausible conclusion that any use of a camera must involve technology that is capable of identifying an individual. The Court should reject this invitation and dismiss the Complaint.

## CONCLUSION

Because Plaintiff fails to state a claim against Omnitracs under the BIPA, Plaintiff's Complaint should be dismissed with prejudice.

Dated: January 6, 2025

Respectfully submitted,

TABET DIVITO & ROTHSTEIN LLC

By: /s/ Timothy A. Hudson
Timothy A. Hudson
Ashley Crettol Insalaco
Ryan C. Muhlstock
Tabet DiVito & Rothstein LLC
209 South LaSalle Street
7th Floor
Chicago, IL 60604
Phone: 312.762.9450
Fax: 312.762.9451
*thudson@tdrlawfirm.com*
*ainsalaco@tdrlaw.com*
*rmuhlstock@tdrlaw.com*

*Attorneys for Defendant Omnitracs, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKISHA PERRY, *individually and on behalf of all others similarly situated,*<br><br>        Plaintiff,<br><br>   v.<br><br>OMNITRACS, LLC,<br><br>        Defendant. | Case Number: 1:24-cv-07998<br><br>Hon. Manish S. Shah |

### CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 6, 2025, the undersigned caused a true and correct copy of the foregoing Defendant Omnitracs, LLC's Motion to Dismiss Plaintiff's Class Action Complaint Pursuant to Rule 12(b)(6) to be filed with the Clerk of Court for the United States District Court for the Northern District of Illinois using the CM/ECF system. Notice and a copy of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

                                                         /s/ *Timothy A. Hudson*

Dated: January 6, 2025             Respectfully submitted,

                                       TABET DIVITO & ROTHSTEIN LLC

                                        By:   /s/ Timothy A. Hudson
                                                     Timothy A. Hudson
                                                       Ashley Crettol Insalaco
                                                       Ryan C. Muhlstock
                                                       Tabet DiVito & Rothstein LLC
                                                       209 South LaSalle Street
                                                       7th Floor
                                                       Chicago, IL 60604
                                                       Phone: 312.762.9450
                                                       Fax: 312.762.9451
                                                       *thudson@tdrlawfirm.com*
                                                       *ainsalaco@tdrlaw.com*
                                                       *rmuhlstock@tdrlaw.com*

                                         *Attorneys for Defendant Omnitracs, LLC*